UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JOCELYN PIERRE,                                  :
                                                 :
                          Plaintiff,       :       REPORT &
                                                 :       RECOMMENDATION
        -against-                               :       19-CV-3326 (NGG) (SMG)
                                                 :
NINE ONE TWO CORP. and                           :
CHONG & BYUNG LLC,                               :
                                                 :
                          Defendants.      :
                                                 :
-------------------------------------------------------------------- x

GOLD, STEVEN M., U.S. Magistrate Judge:

### INTRODUCTION

On June 5, 2019, plaintiff Jocelyn Pierre commenced this action against defendants Nine One Two Corp. and Chong & Byung LLC, alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107.  Compl. at 1, Dkt. 1.  Plaintiff seeks declaratory and injunctive relief and an award of compensatory damages and attorney's fees and costs.

Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted defendants' default.  Certificate of Default dated Oct. 25, 2019, Dkt. 12.  Plaintiff then moved for default judgment against defendants.  Mot. for Default J., Dkt. 13.  The Honorable Nicholas G. Garaufis referred plaintiff's motion to me for a report and recommendation.  Order dated Oct. 31, 2019.

## BACKGROUND

Plaintiff is a "paraplegic" and "uses a wheelchair for mobility." Compl. ¶ 11. On or about March 26, 2019, plaintiff attempted to enter a store located at 59 4th Avenue, Brooklyn, N.Y. 11217 that is owned and/or leased and/or operated by defendants. *Id.* ¶¶ 3, 6–8, 12. Plaintiff alleges that he was unable to enter the store due to "a step at the main and only entrance" with no accompanying ramp. *Id.* ¶¶ 12, 21.

## DISCUSSION

Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

A party's default, though, "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

**I.     ADA**

    **A.  Liability**

Plaintiff has alleged facts that establish the elements required to state a claim under Title III of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the purportedly disabled] individual." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to . . . walking." 42 U.S.C. § 12102(2)(A); 29 C.F.R. 1630.2(i)(1)(i). Here, plaintiff alleges that, due to his paraplegia, he "uses a wheelchair for mobility." Compl. ¶ 11. Thus, plaintiff is a disabled individual for the purposes of the ADA.

The ADA defines a public accommodation to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(E). Liability for a violation under the ADA extends to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Here, plaintiff alleges that the subject premises is "an establishment which provides goods and services to the public" and is owned and/or leased and/or operated by defendants. Compl. ¶¶ 6–8.

3

Accordingly, the property falls within the scope of the ADA, and defendants are subject to the ADA's prohibition of "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a).

With respect to the last element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).[1] Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "A plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." *Harty v. Spring Valley Marketplace LLC*, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted); *see also Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013).

Here, plaintiff alleges that he visited the store "with the intention of utilizing [d]efendants' facilities, but was denied access to the [p]remises, and therefore suffered an injury in fact." Compl. ¶ 19. More specifically, the Complaint provides that, in violation of the 2010 ADAAG,[2] defendants failed to provide, among other things, (1) an accessible entrance at street

---

[1] The ADA mandates that any alteration to a public accommodation after the passage of the ADA "shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 36.402(a)(1). Plaintiff alleges that, since 1992, the store has "begun operations and/or undergone substantial remodeling, repairs[,] and/or alterations." Compl. ¶¶ 16, 24. It is unclear whether the alterations alleged by plaintiff satisfy the legal standard in 28 C.F.R. § 36.402(a) because plaintiff does not provide details as to the type of alterations made. This, however, does not prevent plaintiff from establishing liability, "as the ADA requires removal of architectural barriers, *regardless of whether alterations have been made*, where such removal is readily achievable." *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429, at *4 (E.D.N.Y. Feb. 6, 2013) (emphasis added) (internal quotation marks and citation omitted), *report and recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013); *see Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *4 n.3 (E.D.N.Y. Dec. 20, 2013).

[2] "The Department of Justice published its revised regulations for Titles II and III of the [ADA] in the *Federal Register* on September 15, 2010. These regulations adopted revised, enforceable accessibility standards called the 2010 ADA Standards for Accessible Design." *2010 ADA Standards for Accessible Design*, Department of Justice,

4

level and a ramp with appropriate slope and signage, 2010 ADAAG § 303; (2) a safe and accessible means of egress for emergencies, *id.* § 207; (3) adequate directional and accurate informational signage throughout the premises, *id.* §§ 216.3, 703; and (4) signage informing people with disabilities that accessible services are provided, *id.* §§ 216, 703; see Compl. ¶ 21.[3] Plaintiff further alleges, and in light of defendants' default it is deemed true, that "the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way to effectuate compliance with the provisions of the ADA." *Id.* ¶ 23.  Although plaintiff does not explicitly state that removal of the architectural barriers would be readily achievable, plaintiff sufficiently presents a "plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." *Roberts*, 542 F.3d at 373 (internal quotation marks and citation omitted).  Thus, the allegations in the Complaint are sufficient to establish defendants' ADA liability.

### B. Relief

#### i. Injunctive Relief

Plaintiff is entitled to injunctive relief compelling defendants to remedy the architectural barriers to access that exist at the premises.

##### 1. Plaintiff has standing

Standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has

---

https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010471 at 1 (last visited May 26, 2020).

[3]  The Complaint fails to cite to any specific ADAAG provisions.  However, I note that sections 207, 216, 303, and 704 appear to be generally applicable here.

5

standing." *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *2; *see also Ross v. Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018). Standing has been established in ADA suits seeking injunctive relief for lack of access to a public accommodation where:

> "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location."

*Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). Courts have found that "disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Shariff v. Radamar Meat Corp.*, 2014 WL 1311563, at *2 (E.D.N.Y. Feb. 14, 2014) (internal quotation marks and citation omitted), *report and recommendation adopted as modified*, 2014 WL 1311565 (E.D.N.Y. Mar. 31, 2014).

Here, as noted above, plaintiff alleges that he could not enter the premises due to the architectural barrier, namely, the step at the front entrance with no accompanying ramp. Compl. ¶ 12. Moreover, given the nature of the barrier, it is reasonable to infer that, absent a court order requiring remediation, the barrier will remain. Finally, plaintiff alleges that he "continues to reside in New York and will continue to desire to visit the [p]remises in the future" but cannot return due to the barrier. *Id.* ¶ 19. These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA.

### 2. Injunctive relief is appropriate

As discussed above, plaintiff's allegations, which are assumed to be true in light of

defendants' default, establish defendants' liability pursuant to section 12182(b)(2)(A)(iv).  The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12188(a)(2).

Having considered plaintiff's proposed judgment, Proposed Default J., Dkt. 15, the nature of the violations claimed by plaintiff, the nature of the relief required to afford redress, and the common practice in this district for awarding injunctive relief in ADA cases, I recommend the Court issue an injunction requiring defendants to prepare architectural plans remedying the violations of the ADAAG identified above and provide plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation, or as soon thereafter as is reasonable under the current public health circumstances.  *See, e.g.*, *Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016); *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *5; *Shariff v. Alsaydi*, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013). I further recommend that the injunction provide plaintiff with 30 days either to accept defendants' proposed plans as adequate or to file a motion seeking relief on the basis that defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in this Report.  Finally, I recommend that the injunction require defendants to implement the architectural plans and remedy the violations within 60 days of either plaintiff's agreement or a ruling by the Court that the plans are adequate.

### ii. Attorney's Fees and Costs

A plaintiff prevailing in ADA litigation may be awarded reasonable attorney's fees and costs.  *See* 42 U.S.C. § 12205.  However, plaintiff's counsel has failed to provide any

7

documentation of his fees or costs. I therefore respectfully recommend that plaintiff's request for an award of attorney's fees and costs be denied without prejudice, and that plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within 14 days of any Order entered by Judge Garaufis with respect to this Report. *See Radamar Meat Corp.*, 2014 WL 1311565, at *2.

## II.   NYSHRL & NYCHRL

### A.   Liability

The Complaint properly alleges facts giving rise to liability under the NYSHRL, N.Y. Exec. Law § 296, and the NYCHRL, N.Y.C. Admin. Code § 8-107. "A claim for disability discrimination under [the] NYSHRL . . . is governed by the same legal standards as the ADA." *Ross*, 2018 WL 6313208, at *4. Here, "[p]laintiff's state and municipal law claims are based upon the same architectural barriers that underlie [his] ADA claim." *Id.* Although different standards govern NYCHRL claims, a "one-way ratchet" exists, where the ADA constitutes a "*floor* below which the [NYCHRL] cannot fall." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (internal quotation marks and citation omitted). Therefore, because plaintiff has met the standard for establishing liability under the ADA, he has also demonstrated that defendants are liable for violating the NYSHRL and the NYCHRL.

### B.   Relief

Plaintiff requests an award of $1,000 in compensatory damages under the NYSHRL and the NYCHRL. Proposed Default J. at 2. Plaintiff alleges that he "suffered an injury in fact" as a result of the disability discrimination he endured when he encountered the architectural barrier on defendants' premises. Compl. ¶ 19. The "New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any

8

particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429, at *10 (E.D.N.Y. Feb. 6, 2013) (internal quotation marks and citation omitted), *report and recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013).  Courts in this Circuit have likewise found an award of $1,000 to be appropriate in similar cases.  *See, e.g.*, *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *6 (awarding $1,000 where plaintiff did not establish any particular damages other than that he felt discriminated against); *Kreisler v. Second Ave. Diner Corp.*, 2012 WL 3961304, at *15 (S.D.N.Y. Sept. 11, 2012) (same), *aff'd*, 731 F.3d 184 (2d Cir. 2013).  I therefore respectfully recommend that plaintiff be awarded $1,000 in compensatory damages.[4]

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant in part and deny in part plaintiff's motion for default judgment, as follows: (1) I recommend that defendants be found liable under the ADA, the NYSHRL, and the NYCHRL; (2) I recommend that an injunction issue with the terms described in the text above; (3) I recommend that plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and the NYCHRL; and (4) I recommend that plaintiff's request for an award of attorney's fees and costs under the ADA be denied without prejudice, and that plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within 14 days from the date of any Order entered by Judge Garaufis with respect to this Report.

---

[4] Although plaintiff also demanded statutory and punitive damages in the Complaint, Compl. ¶¶ 29, 35, he does not seek this relief in his motion for default judgment or include it in his proposed default judgment.  Accordingly, I decline to consider whether statutory or punitive damages should be awarded.

9

Any objections to the recommendations made in this Report must be submitted within 14 days after filing of the Report and, in any event, no later than June 12, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
May 29, 2020

U:\#JAV 2019-2020\Jocelyn Pierre v. Nine One Two Corp., 19-cv-3326\Final R&R.docx